UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-24939-BLOOM/Otazo-Reyes**

JENNIFER MCLENDON,
*as Personal Representative of*
*the Estate of James Mclendon*,

    Plaintiff,

v.

CARNIVAL CORPORATION,
a *Panamanian Corporation*
*doing business as*
Carnival Cruise Line,

    Defendant.
_____/

**ORDER ON MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Strike Affirmative Defenses, ECF No. [18] ("Motion"). Defendant filed a Response, ECF No. [21] ("Response"), to which Plaintiff filed a Reply, ECF No. [22] ("Reply"). The Court has considered the Motion, all supporting and opposing submissions, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is granted in part and denied in part.

**I.  BACKGROUND**

Plaintiff Jennifer McLendon initiated this action as Personal Representative of the Estate of James McLendon, her deceased husband ("Decedent"). The Plaintiff and Decedent were passengers on Carnival Cruise Line's vessel, *Sensation,* when Decedent started to experience symptoms requiring urgent medical care. *Id.* at 1. Decedent visited the ship doctor and after examination, the ship doctor determined that Decedent was unfit to sail and recommended

Decedent go to a hospital in the Bahamas. *Id.* at 2. The parties appear to dispute the events that occurred after the visit to the ship doctor and prior to the Plaintiff and Decedent leaving the vessel to seek treatment at a Bahamian hospital, *see* ECF Nos. [7], [9]. Decedent passed away in a Bahamian public hospital that same day. ECF No. [7]. On December 26, 2020, Plaintiff filed an Amended Complaint for damages, ECF No. [7], asserting claims for negligent diagnosis (Count I), negligent treatment (Count II), negligent failure to timely prepare or set up treatment (Count III), negligent consultation (Count IV), negligent equipment (Count V), and negligent transport (Counts VI and VII). Defendant thereafter filed its Answer and Affirmative Defenses, ECF No. [9], asserting fifteen (15) Affirmative Defenses.

## II.     LEGAL STANDARD

An affirmative defense "admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013). Federal Rule of Civil Procedure 12(f) permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed R. Civ. P. 12(f). Courts possess broad discretion, but a motion to strike is considered a drastic remedy and is often disfavored. *See Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty., Fla.*, 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-cv-2624-T-33MAP, 2013 WL 593842, at *2 n.2 (M.D. Fla. Feb. 15, 2013) (calling Rule 12(f) a "draconian sanction"). "A defense is insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. DISCUSSION

Plaintiff moves to strike all but one of Defendant's affirmative defenses,[1] relying primarily on *Andean Life, LLC v. Barry Callebaut U.S.A. LLC*, No. 20-20765-CIV, 2020 WL 1703552 (S.D. Fla. Apr. 8, 2020). In *Andean*, the court held that "affirmative defenses are pleadings, and as a result, must comply with all the same pleading requirements applicable to complaints." *Id.* at *1. Specifically, Plaintiff moves to strike Defendant's First, Third, Fourth, Fifth, Seventh, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth and Fifteenth Affirmative Defenses, arguing that Defendant must provide additional facts to sufficiently state its affirmative defenses. In response, Defendant asserts that affirmative defenses are not subject to the heightened pleading standard, and Plaintiff has not demonstrated that these affirmative defenses have no possible relation to this action or that she was not given fair notice of the issues.

"Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved the split in opinion." *Ramnarine v. CP RE Holdco 2009-1, LLC*, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013). Some courts in the Eleventh Circuit, like the court in *Andean*, have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g. Moore v. R. Craig Hemphill Assocs.*, No. 3:13-CV-900-J-39, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37, 2011 WL 2938467, at *2-3 (M.D. Fla. July 21, 2011). Others have held that affirmative defenses are subject to less stringent standard under Rules 8(b) and 8(c), and that affirmative

---

[1] Plaintiff has withdrawn her challenge to Defendant's Second Affirmative Defense in her Reply. *See* ECF No. [22].

3

defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See e.g., Sparta Inc. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct. 10, 2013) (denying in part plaintiff's motion to strike defendant's affirmative defenses because the affirmative defenses provided plaintiff with fair notice); *Ramnarine*, 2013 WL 1788503 at *1 (denying motion to strike affirmative defenses). The Eleventh Circuit has stressed that providing notice is the purpose of Rule 8(c) and it simply guarantees that the opposing party has fair notice of issues that may be raised at trial so that they are prepared to properly litigate the issues. *Id.* at *3.

As previously noted, the difference in the language between Rule 8(a) and (b) is "subtle but significant." *Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *2 (citing *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, *2 (S.D. Fla. June 12, 2017). While Rule 8(a) requires "a short and plaint statement of the claim showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). In plain terms, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162, at *2.

This Court has concluded that "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *See Northrop & Johnson Holding Co., Inc.*, 2017 WL 5632041, at *2; *Laferte*, 2017 WL 2537259, at *2; *Abajian v. HMSHost Corp.*, WL 1929134, *3 (S.D. Fla. Apr. 21, 2020); *S.E.C. v. 1 Global Capital LLC*, 331 F.R.D. 434 (S.D. Fla. 2019); *Longhini v. Kendall Lakes Office Park Condo Ass'n, Inc.*, No. 20-cv-23352-BLOOM/Louis, 2020 WL 7074641, at *3 (S.D. Fla. Dec. 3, 2020). As noted by one district court, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring

'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enterps., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Bus. Guides v. Chromatic Commc'ns Enterps., Inc.*, 498 U.S. 533, 540-41, 111 S. Ct. 922, 112 L. Ed. 2d 1140 (1991)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd v. SunTrust Banks, Inc.*, No. 1:10-cv-2620-RWS, 2011 WL 2441744, at *8 (N.D. Ga. June 13, 2011). As such, the Court declines to apply the *Twombly-Iqbal* standard to affirmative defenses as the court did in *Andean*.

Under Rule 8(c), an affirmative defense is sufficient when it places the plaintiff and the court on notice of issues Defendant intends to assert against Plaintiff's claims. *Ramnarine*, 2013 WL 1788503 at *4. In this case, Defendant sufficiently pleaded the following affirmative defenses by putting Plaintiff on notice that the claims are governed by Decedent's passenger ticket contract (Affirmative Defense 1); Decedent committed a prior breach of the passenger ticket contract (Affirmative Defense 3); the doctors and nurses were independent contractors (Affirmative Defense 4 and 5); Decedent was comparatively negligent (Affirmative Defense 7); an intervening medical condition caused Decedent's death (Affirmative Defense 9); Decedent did not seek timely treatment (Affirmative Defense 10); Decedent failed to mitigate his damages (Affirmative Defense 11); Decedent's damages were caused by a pre-existing condition (Affirmative Defense 12); the risk-creating condition was open and obvious (Affirmative Defense 13); and that Carnival warned Decedent of the risk-creating condition (Affirmative Defense 14). *Id.* As previously noted, this Court does not hold affirmative defenses to the heightened standard of *Iqbal* and *Twombly*, and thus, Defendant is not required to provide additional facts in order to sufficiently plead these affirmative defenses. Moreover, Plaintiff has failed to demonstrate that these affirmative defenses

have no possible relation to this action. Therefore, the Court denies Plaintiff's Motion with respect to the First, Third, Fourth, Fifth, Seventh, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, and Fourteenth Affirmative Defenses.

In addition, the Court denies Plaintiff's request to strike Defendant's Fifteenth Affirmative Defense. Defendant's Affirmative Defense 15 states that "Plaintiff's Complaint fails to state a claim upon which relief can be granted because Carnival did not owe Plaintiff and/or Decedent a duty under the facts as alleged by Plaintiff." ECF No. [9] at 9. A defense that simply points out a defect or lack of evidence in the plaintiff's case is not an affirmative defense. *Flav-O-Rich, Inc. v. Rawson Food Serv., Inc. (In re Rawson Food Serv., Inc.)*, 846 F.2d 1343, 1349 (11th Cir. 1988). However, "[i]n attempting to controvert an allegation in the complaint, a defendant occasionally may label his negative averment as an affirmative defense rather than as a specific denial." *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *3 (S.D. Fla. Aug. 21, 2007) (quoting 5 Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 1269 (3d ed. 2004)). Federal courts in Florida and elsewhere have repeatedly held that "[w]hen this occurs, the proper remedy is not strike the claim, but rather to treat it as a specific denial." *Id. See also Adams*, 294 F.R.D. at 671-72 (denying plaintiff's motion to strike denials labeled as affirmative defenses and instead treating them as specific denials); *Bartram, LLC v. Landmark Am. Ins. Co.*, No. 1:10-cv-28-SPM/AK, 2010 WL 4736830, at *2 (N.D. Fla. Nov. 16, 2010); *Ohio Nat'l Life Assur. Corp. v. Langkau*, No. 3:06-cv-290-J-20MCR, 2006 WL 2355571, at *1-2 (M.D. Fla. Aug. 15, 2006) ("The federal courts have accepted the notion of treating a specific denial that has been improperly denominated as an affirmative defense as though it was correctly labeled. This is amply demonstrated by the fact that research has not revealed a single reported decision since the promulgation of the federal rules in which an erroneous designation resulted in any

substantial prejudice to the pleader."). As such, although the Fifteenth Affirmative Defense is not an affirmative defense, the Court will treat it as a specific denial, rather than strike it.

Plaintiff also asserts legal challenges to Defendant's Sixth and Eighth Affirmative Defenses, which the Court considers next.

### A. Sixth Affirmative Defense

Defendant's Affirmative Defense 6 states that "Carnival is entitled to a set-off or to have the jury consider all evidence of sums paid, payable, discounted, or written-off by collateral sources." Plaintiff moves to strike this affirmative defense for violation of the general maritime law collateral source doctrine which "bars tortfeasors from mitigating damages by setting off compensation received by the plaintiff from an independent source." ECF No. [18]. Both parties cite to *Higgs v. Costa Crociere S.P.A. Co.*, 969 F.3d 1295 (11th Cir. 2020) as controlling authority regarding the admissibility of evidence of collateral sources with respect to the appropriate measures of damages. An affirmative defense is insufficient as a matter of law only if it is clearly invalid as a matter of law. *Microsoft Corp.*, 211 F.R.D. at 683. The parties both acknowledge that *Higgs* holds that a jury may determine the reasonable value of past medical treatment using all relevant evidence presented by the parties, including evidence of collateral sources. 969 F.3d at 1317. In addition, Defendant accurately points out that the Eleventh Circuit has previously held that arguments regarding collateral source payments are valid affirmative defenses. *See Hassan v. U.S.P.S.*, 842 F.2d 260, 263 (11th Cir. 1988).

Plaintiff argues, however, that although *Higgs* may allow the jury to consider evidence of collateral sources to determine reasonable damages, the Defendant is not entitled to a set-off under general maritime law. Therefore, Plaintiff moves to strike the first part of Defendant's Sixth Affirmative Defense claiming an entitlement to a set-off, arguing that it should be stricken as a

7

matter of law because tortfeasors are not entitled to set-offs as stated in *Higgs*. The Court agrees. Under general maritime law and *Higgs*, Defendant is not entitled to a set-off. Therefore, the Court grants Plaintiff's Motion with respect to the first part of Defendant's Sixth Affirmative Defense, claiming entitlement to a set-off.

### B. Eighth Affirmative Defense

Defendant's Affirmative Defense 8 states that "the injuries and damages alleged were the result, in whole or in part, of the action or inactions of third-parties over whom Carnival had no dominion or control." ECF No. [9]. Plaintiff moves to strike this defense, asserting that it is based on Florida's *Fabre* doctrine, which is not applicable under general maritime law. Plaintiff argues further that general maritime law does not recognize the concept of a *Fabre* defendant, and instead adheres to the doctrine of joint and several liability whereby a plaintiff may obtain judgment for the full amount of damages from any and all tortfeasors. In response, Defendant does not dispute that courts strike *Fabre* affirmative defenses when they are raised by cruise lines in maritime tort negligence actions; however, Defendant clarifies that this affirmative defense is not an attempt to apportion liability, rather, the intention is to challenge proximate causation. Defendant clarifies further that its aim is to present evidence of non-party fault to defeat a finding of proximate cause and show that Defendant is not liable at all. Defendant's asserts that evidence of the negligence of non-parties is admissible under general maritime law, and that even if tortfeasors remain joint and severally liable, a defendant is not precluded from presenting evidence of non-party fault to defeat a finding of proximate causation.

Plaintiff argues in reply that if Defendant is not seeking to assert a *Fabre* defense, then this affirmative defense is duplicative of Defendant's Affirmative Defense 7, which invokes the comparative fault doctrine, and therefore should be stricken. Upon review, like Affirmative

8

Defense 15, this defense seeks to points out a defect in Plaintiff's case—specifically in causation—and is therefore not an affirmative defense but a denial as to an element of Plaintiff's case. The Court, therefore, will treat Affirmative Defense 8 as a specific denial, rather than strike it.

## IV. CONCLUSION

For the reasons stated above, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [18]**, is **GRANTED IN PART AND DENIED IN PART** consistent with this Order.

**DONE AND ORDERED** in Chambers at Miami, Florida, on March 4, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record