UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**Case No. 20-cv-24939-BLOOM/Otazo-Reyes**

JENNIFER MCLENDON,
*as Personal Representative of
the Estate of James Mclendon*,

      Plaintiff,

v.

CARNIVAL CORPORATION,
a *Panamanian Corporation
doing business as*
Carnival Cruise Line,

      Defendant.

_____/

## ORDER ON PLAINTIFF'S OBJECTIONS TO THE HONORABLE MAGISTRATE JUDGE'S POST ADMINISTRATIVE ORDER

**THIS CAUSE** is before the Court upon Plaintiff's Objections to Magistrate Judge's Post Administrative Order, ECF No. [34] ("Objections"). Defendant filed a Response in Opposition to Plaintiff's Objections, ECF No. [35] ("Response").[1] The Court has carefully reviewed the Magistrate Judge's Order, ECF No. [33] ("Order"), the Objections and Response, the record in this case, the applicable law, and is otherwise fully advised. For the reasons that follow, the Objections are overruled.

## I.      BACKGROUND

Plaintiff has asserted claims against Defendant arising from the negligence of its medical personnel on board the Carnival *Sensation*, which resulted in Plaintiff's husband's death. *See* ECF No. [7] ("Amended Complaint"). Plaintiff alleges, in pertinent part, that her husband ("Decedent")

---

[1] Plaintiff filed a Reply, ECF No. [36], which the Court ordered stricken as improper, ECF No. [37].

was allergic to penicillin but was administered a shot known to be dangerous to those with penicillin allergies and was not otherwise properly treated for his symptoms. *Id*. ¶¶ 9, 11-12. On June 30, 2021, the parties appeared for a telephonic discovery hearing before Magistrate Judge Otazo-Reyes, ECF No. [32]. At issue during the hearing, relevant to the Objections, were Plaintiff's Interrogatory #10 and #11 regarding similar prior incidents.

Specifically, Plaintiff requested that Defendant identify for the five (5) years prior to the date of Plaintiff's incident, and one (1) year subsequent,

> all incidents, complaints of incidents, records of incidents, or recollections of incidents similar to Plaintiff's incident, i.e. passengers, crew members or other persons suffering insulin shock and/or other medical emergencies requiring immediate medical attention and who either died and/or did not survive on both the subject ship, and on any cruise ship in Defendant's fleet; and incidents in which passengers, or crew members who have allergic reactions to medication provided by the ship's medical staff on both the subject ship, and on any cruise ship in Defendant's fleet.

ECF No. [34] at 2.

Defendant objected to Plaintiff's interrogatories and the hearing followed. Judge Otazo-Reyes thereafter entered her Order, limiting the scope of Plaintiff's Interrogatory #10 to a period of three (3) years prior to the date of the incident, and to medical incidents involving insulin shock that involved the same doctor and/or medical staff who treated the Decedent. ECF No. [33] at 1. In the Order, Judge Otazo-Reyes also limited Plaintiff's Interrogatory #11 to the time period of three (3) years prior to the date of the incident, and to medical incidents involving allergic reactions to penicillin that involved the same doctor and/or medical staff that treated the decedent. *Id*. at 2. Plaintiff objects only to the Order's limiting the scope of the prior incidents to the same doctor and/or medical staff that treated the Decedent.

## II.    LEGAL STANDARD

Federal Rule of Civil 72(a) provides that, when timely objections are made to a magistrate judge's order on a pretrial, non-dispositive matter, "[t]he district judge in the case must . . . modify or set aside any part of the order that is clearly erroneous or is contrary to law." The "clearly erroneous or contrary to law" standard of review is "extremely deferential." *Pigott v. Sanibel Dev., LLC*, Civil Action No. 07-0083-WS-C, 2008 WL 2937804, at *5 (S.D. Ala. July 23, 2008). Relief is appropriate under the "clearly erroneous" prong of the test only if the district court "finds that the Magistrate Judge abused his discretion or, if after viewing the record as a whole, the Court is left with a definite and firm conviction that a mistake has been made." *Id.* (quoting *Murphy v. Gardner*, 413 F. Supp. 2d 1156, 1162 (D. Colo. 2006)); *see also Dees v. Hyundai Motor Mfg. Alabama, LLC*, 524 F. Supp. 2d 1348, 1350 (M.D. Ala. 2007) (stating in reviewing magistrate judge's discovery order that "in the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge"). With respect to the "contrary to law" variant of the test, "[a]n order is contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." *Id.* (*quoting S.E.C. v. Cobalt Multifamily Inv'rs I, Inc.*, 542 F. Supp. 2d 277, 279 (S.D.N.Y. 2008)).

## III.    DISCUSSION

Plaintiff argues that the limitation of prior incidents to the same doctor and/or medical staff who treated the decedent was clearly erroneous and contrary to law.[2] In her Objections, Plaintiff contends that Judge Otazo-Reyes improperly placed the burden of establishing relevance on

---

[2] Plaintiff also argues that she is entitled to reconsideration of the Order pursuant to Rules 59(e) and 60 of the Federal Rules of Civil Procedure. However, other than generally setting forth the legal standards applicable to those Rules, Plaintiff has otherwise provided no specific basis or argument that would justify the Court's review of the Order under either Rule. Moreover, Plaintiff has cited no authority to support the application of Rules 59(e) or 60 in reviewing a Magistrate Judge's ruling on a pretrial non-dispositive issue. Accordingly, the Court considers Plaintiff's Objections under Rule 72(a) only.

Plaintiff rather than Defendant, and failed to apply the correct legal standard in erroneously determining that Plaintiff's requested discovery was irrelevant. In response, Defendant argues that Plaintiff fails to show the existence of clear error or that the Order was contrary to law, and that Plaintiff relies on cases that are inapposite.

Upon review, the Court agrees that Plaintiff has failed to make the necessary showing to justify sustaining her Objections to Judge Otazo-Reyes's Order. First, Plaintiff fails to point to any portion of the record indicating that Judge Otazo-Reyes explicitly ruled that Plaintiff's requests were irrelevant or that she improperly placed the burden upon Plaintiff to establish the relevance of the requests. Indeed, Defendant argued at the hearing that Plaintiff should receive no information regarding past prior incidents because her claims are essentially for medical malpractice, and therefore necessarily unique based upon Decedent's particular characteristics and medical history. *See* ECF No. [40] at 4-6. Even so, Judge Otazo-Reyes explicitly determined that Plaintiff's requests were relevant:

> THE COURT: So again, I'm going to stick to the usual that I do of allowing the prior incidents. It may not be notice in the sense of a slip and fall, but given what is being alleged, I think there is a relevance connection.

*Id*. at 7. In addition, following Plaintiff's argument, Judge Otazo-Reyes rejected Defendant's contention that the requests should be limited to only the same doctor who treated the Decedent, and ruled that the requests include *any* medical staff that treated the Decedent. *Id*. at 9-10. Judge Otazo-Reyes also rejected Defendant's objection to Interrogatory #11 seeking information regarding past incidents of allergic reactions to penicillin based upon the medical examiner's report not listing allergic reaction as either a primary or potentially secondary cause of death in Decedent's case, ruling that the request was relevant. *Id*. at 12-14.

Second, other than citing case law setting forth the general standards applied to discovery,

Plaintiff does not explain how Judge Otazo-Reyes's limiting the requests regarding prior incidents to those involving the same doctor and medical staff who treated the Decedent is clearly erroneous or contrary to law. Neither case Plaintiff cites for her argument against limiting prior incidents to the same doctor or medical staff in fact supports her position. In *Ree v. Royal Caribbean Cruises, Limited*, the court determined that the requests regarding past injuries involving any type of high speed boat, where plaintiff was injured during an offshore excursion, were outside the scope of permissible discovery, notwithstanding the generally broad scope of discovery. 315 F.R.D. 682, 686-87 (S.D. Fla. 2016). In *Lobegeiger v. Celebrity Cruises, Incorporated*, No. 11-21620-CIV-ALTONAGA/Simonton, 2012 WL 12844732, at *5 (S.D. Fla. Apr. 18, 2012), the court declined to rule in advance of trial whether the plaintiff would be able to demonstrate substantial similarity upon a motion *in limine* to exclude references to, or evidence involving other incidents. Plaintiff does not explain how *Lobegeiger* is relevant to the circumstances here. Moreover, a review of the hearing transcript and the Order reflects that Judge Otazo-Reyes carefully considered Defendant's objections to Plaintiff's Interrogatory #10 and #11, and appropriately narrowed Plaintiff's requests based upon Plaintiff's claims as framed in the Amended Complaint.

Accordingly, based upon the deferential standard afforded under Rule 72(a) to a Magistrate Judge's rulings on pretrial non-dispositive matters, Plaintiff has failed to meet her burden of showing that Judge Otazo-Reyes's Order was clearly erroneous or contrary to law.

As a result, it is **ORDERED AND ADJUDGED** that Plaintiff's Objections, **ECF No. [34]**, are **OVERRULED**.

Case No. 20-cv-24939-BLOOM/Otazo-Reyes

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 12, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

6